C.R., a minor by and through his parents, Michael REILLY and N. Jane Dubovy; Michael Reilly, on their own behalf and on behalf of the general public; N. Jane Dubovy, on her own behalf and on behalf of the general public, Plaintiffs—Appellants,

v.

BOY SCOUTS OF AMERICA, TROOP 223, an unknown business entity; Western Los Angeles County Council of Boy Scouts of America, Defendants—Appellees.

No. 06–56639.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 15, 2008.

Filed May 29, 2008.

Paula D. Pearlman, Esq., Disability Rights Legal Center, Barak Lurie, Esq., Law Offices of Barak Lurie, Los Angeles, CA, Christopher H. Knauf, Esq., Knauf Associates, Santa Monica, CA, for Plaintiffs–Appellants.

Rita M. Haeusler, Esq., Hughes Hubbard & Reed, LLP, Los Angeles, CA, George A. Davidson, Hughes Hubbard &

Reed LLP, New York, NY, for Defendants–Appellees.

Before: SILVERMAN, BERZON, and BYBEE, Circuit Judges.

### MEMORANDUM *

Appellants, C.R., a former Boy Scout with autism, and his parents, appeal the district court's dismissal for failure to state a claim of their action alleging that Boy Scouts of America Troop 223 ("Troop 223") and the Western Los Angeles County Council of Boy Scouts of America ("Western Council") violated Title III of the Americans with Disabilities Act ("ADA") when they excluded C.R. from a troop-sponsored outing to Camp Emerald Bay. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint that fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). A complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir.1990) (internal quotation marks and citation omitted). The dismissal of a complaint for failure to state a claim is reviewed *de novo*. *Id.*

Title III of the ADA prohibits discrimination "on the basis of disability in the full and equal enjoyment of the … accommodations of any place of public accommodation by any person who owns, leases (or

leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Places of public accommodation under the ADA are "defined in terms of 12 extensive categories," *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 676, 121 S.Ct. 1879, 149 L.Ed.2d 904 (2001), including places of lodging, 42 U.S.C. § 12181(7)(A); places of public gathering, *id.* § 12181(7)(D); places of recreation, *id.* §§ 12181(7)(I) & (L); places of education, *id.* § 12181(7)(J); and places of exercise, *id.* § 12181(7)(L). The phrase "public accommodation" "should be construed liberally." *PGA Tour*, 532 U.S. at 676, 121 S.Ct. 1879.

Appellants' complaint alleges that Troop 223 and the Western Council operate and/or lease Camp Emerald Bay, a place of public accommodation within the meaning of the ADA. At this stage of the litigation the record does not contain any detailed information about Camp Emerald Bay. The complaint alleges, however, that Troop 223 "offers recreational and educational opportunities" to preteen boys and their families at Camp Emerald Bay. As the district court acknowledged, this suffices to suggest that Camp Emerald Bay may be a place of recreation or education covered by the ADA. Alternatively, Camp Emerald Bay may be a place of lodging, or a place of public gathering. The district court erred by going beyond the complaint to find prematurely that Camp Emerald Bay could not be either a place of lodging or a place of public gathering. Appellants are entitled to undertake discovery in aid of their allegation that Camp Emerald Bay is a place of public accommodation under the ADA. At this point, they have alleged enough for a potentially viable claim.

Even if Camp Emerald Bay is a place of public accommodation, Troop 223

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

and the Western Council argue, and the district court agreed, that the Boy Scouts is a private club, which Title III of the ADA expressly exempts from its provisions. 42 U.S.C. § 12187. We have not yet addressed whether the Boy Scouts is a private club. The determination of whether an organization is a private club is necessarily a factually intensive inquiry examining whether the organization is open to the public at large. *See Clegg v. Cult Awareness Network,* 18 F.3d 752, 755 n. 3 (9th Cir.1994). The resolution of this sort of factually intensive inquiry is inappropriate on a motion to dismiss for failure to state a claim where facts have not yet been presented to the court. Therefore, we REVERSE the district court's grant of the motion to dismiss, and REMAND the case for further proceedings. REVERSED AND REMANDED.